# EXHIBIT B

**Edward F. Borden, Jr.**
eborden@earpcohn.com
*Admitted to practice in New Jersey
and Pennsylvania
Certified by the Supreme Court
of New Jersey as a Civil Trial
Attorney and a Criminal Trial Attorney*





October 30, 2024

***VIA EMAIL ONLY*** (heidi@bmbde.com)
Heidi J. A. Gilmore, Esquire
Baird Mandalas Brockstedt & Federico
1413 Savannah Rd., Suite 1
Lewes, DE 19958

    Re: Everingham & Kerr, Inc. v. Harry Caswell, Lynne Caswell, Caswell
       Holding Co., Inc., Harry Caswell, Inc.

Dear Ms. Gilmore:

    Our firm represents Everingham & Kerr in connection with a claim against the Caswells individually and their companies for recovery of a Success Fee that the Caswells agreed to pay in connection with the sale of their business. I understand that you have a copy of the Engagement Agreement.

    I have reviewed the email exchange between you and Mr. Vanore, and it appears that the parties are at an impasse. I am writing in the hope that we may take one more try at resolving this matter before we file suit. You are no doubt aware that my client will be entitled to recover legal fees and costs as well as interest if successful in such litigation.

    From my review of the emails, it appears that you take the position that E&K is not entitled to a Succes Fee unless it engaged directly with the purchaser, George & Lynch, Inc., to consummate a transaction. Respectfully, I believe that this is incorrect for at least three reasons. The agreement contains certain provisions intended to address a situation like this in which E&K performs its services and generates good faith offers to purchase a business after which the seller then uses those offers to solicit a sale to a third party without compensating E&K.

    First, the agreement specifically provides that if a transaction occurs within 24 months of the termination of the agreement "to any buyer who was *contacted"* by E&K, the Success Fee is due. (Emphasis added.). E&K is prepared to prove, and has supplied you with documentation that proves, that this occurred. Second, the agreement provides that the fee will be due if a sale occurs during the two-year tail period to "any parties that the Client excluded the Consultant from contacting…" Your client has confirmed that they precluded E&K from contacting such

*REPLY TO*:

**Earp Cohn P.C.**
Attorneys at law
www.earpcohn.com

NEW JERSEY OFFICE
20 Brace Road, Suite 400
Cherry Hill, NJ 08034
*t* 856.354.7700
*f* 856.385-7060

PENNSYLVANIA OFFICE
123 S. Broad Street, Suite 1030
Philadelphia, PA 19109
*t* 215.963.9520
*f* 856.385.7060

Page 2

local potential purchasers as George & Lynch. Third, on January 21, 2023, Lynne Caswell wrote to E&K concerning outstanding offers to purchase the business negotiated by E&K as follows: "I know we might be passing up a great opportunity but we have given this offer much consideration and we have decided to pass on it and to look at other options.  It has become clear to us that we are not ready to sell the business.  We would like to thank you for your help with this process but we want to terminate our agreement."  From the timing of the consummation of the sale transaction, it appears likely that your clients already had been in contact with George & Lynch at the time of this email, or at the very least that Ms. Caswell's statement that they had decided not to sell the business was false.

In order to discuss a resolution of E&K's claim, it will be necessary for us to review in full all documents relating to the sale of the business.  We are prepared to execute a non-disclosure agreement covering such review.

Please let me hear from you by November 7, 2024.

Sincerely,

Edward F. Borden, Jr.

EFB/jla